WILLIAM H. CATLIN and MARIAN G. CATLIN, Respondents, *v.* THE ADIRONDACK COMPANY, Appellant.

*When conditions will not be imposed, where an execution against the person is set aside—The costs awarded to the different parties to an action should be set off against each other.*

The plaintiff, having been arrested by virtue of an execution against his person, issued upon a judgment for costs recovered by the defendant herein, moved for and obtained, at Special Term, an order setting the execution aside unconditionally, which order was, upon appeal, reversed by the General Term, but affirmed by the Court of Appeals. After the granting of the order by the Special Term, the plaintiff commenced, and is still prosecuting, an action against the defendant for false imprisonment. After the affirmance of the order of the Special Term by the Court of Appeals, the defendant moved to have it so modified as to make the relief thereby granted conditional upon the plaintiff stipulating not to bring an action for false imprisonment, or to continue the action already brought therefor.

*Held,* that the motion was properly denied.

The defendant also moved to have the costs, awarded to the plaintiff by the Special Term and Court of Appeals, set off against the costs awarded to it and included in the final judgment, in the action in which the execution had issued.

*Held,* that the motion should have been granted, particularly as the plaintiff was shown to be insolvent.

APPEAL from an order made at Special Term, denying the defendant's motion to modify an order granting the motion of the plaintiff William H. Catlin, to vacate an execution against the person, so as to make such relief conditional upon the plaintiff stipulating not to sue for false imprisonment, or to continue an action for false imprisonment already brought; also denying defendant's motion to set off the costs awarded to the plaintiff (on his previous motion to vacate such execution) against the costs of the action awarded to the defendant against the plaintiff, and included in the final judgment herein.

In May, 1879, the defendant recovered a judgment against the plaintiffs for $508.86, costs. An execution against the property of the plaintiff, William H. Catlin, having been issued thereon and returned unsatisfied, an execution was issued against his person, under which he was taken into custody by the sheriff and held until the sum specified therein had been paid. An injunction was obtained restraining the sheriff from paying over this money, and an order was procured requiring the defendant to show cause why the execution against the person should not be vacated and set aside, and the sheriff directed to return the money received thereunder.

On the return of this order, the plaintiff's motion prevailed, and an order vacating the execution against the person, as not warranted in this action, and directing the sheriff to return the money received thereunder, was entered herein September 24, 1879.

From this order the defendant appealed to the General Term, where it was reversed. (20 Hun, 19.) The plaintiff then appealed to the Court of Appeals, where the order of the General Term was reversed, and that of the Special Term affirmed. Upon regular notice to defendant, an order was entered herein July 6, 1880 (the defendant failing to appear), making the decision of the Court of Appeals the decision of this court, and the plaintiff then taxed a bill of costs against the defendant for $178.43. After the order of the Special Term vacating the execution against the person was entered, the plaintiff, William H. Catlin, commenced an action against this defendant and its attorneys for false arrest under that execution, and that action has been pending in this court in Westchester county since January, 1880. On August 4, 1880, the defendant moved, at Special Term, to modify the order of September 24,

1879, by compelling the plaintiff to stipulate not to sue for false arrest, or further prosecute the action already pending on that ground, and also to offset the costs awarded to the plaintiff by the Court of Appeals against the defendant's judgment against the plaintiffs for costs.

*A. Pond* and *C. E. Tracy*, for the appellant.

*Marshall P. Stafford*, for the respondent.

Barrett, J. :

Upon the previous motion in this cause, the court set aside the execution against the person unconditionally. That was necessarily an adjudication, upon the papers then before the Special Term, that it was not a case where the usual condition should be imposed upon the plaintiff. Although an action for false imprisonment was, immediately thereafter, commenced, the defendants do not seem to have made any special effort, by an application for a re-settlement, re-consideration, or otherwise, to obtain a more favorable exercise of discretion with regard thereto. They preferred to take the chances of success in sustaining the execution upon appeal. With us they *were* successful, but upon further appeal to the court of last resort, the plaintiff's views prevailed. After all this, the defendants now ask for the imposition of a stipulation not to sue ; and we cannot but think that it was properly refused by the court below. It would have been a harsh exercise of discretion thus to wrest from the plaintiff one of the substantial fruits of his victory. After a severe struggle, the execution has been held to be illegal, and the order, absolutely and unconditionally setting it aside, has been fully affirmed. Meanwhile, the action for false imprisonment has been steadily progressing to trial. Costs have been incurred therein. Whether the plaintiff is entitled to any, and if so, what damages, is a matter to be determined by a jury. The action was lawfully brought, and proceeded without restriction. The modification which the defendants seek would operate retroactively, wiping the action out *ab initio*, without costs, and leaving the plaintiff to pay his own expenses. He would thus, in effect, be punished for acting, and relying upon the *unconditional* vacation. Of course, the defend-

ants did not expect such a modification upon the original papers, and by a court differently constituted. They claim to have presented new and additional facts. This claim, however, does not bear the test of examination. The principal fact now put forward is the repayment to the plaintiff of the money which he was forced to give the sheriff to secure his freedom. But the original order, in addition to vacating the execution, directed such repayment by the sheriff. As that officer had retained the money, he having been enjoined from turning it over to the defendants, the court knew perfectly well that it would be immediately paid over under its order. That consideration, therefore, was *then present*. Compliance with the order must have been contemplated. Consequently, such compliance can scarcely be treated as a new and additional fact, bearing upon the question of now making the vacation conditional. The same may be said of the attorney's good faith. That was never questioned. As to the character of the imprisonment, that is a consideration more properly to be addressed to the jury in the false imprisonment action. That part of the order appealed from, which refuses to modify the original order vacating the execution, should be affirmed.

We are unable, however, to see upon what principle the other branch of the application was denied. The motion costs, whether of the Special Term or of the Court of Appeals, should clearly have been set-off against the costs previously awarded in the same action to the defendants against the plaintiff. The defendants were entitled to this as matter of right. It is common practice to order *such a set-off* on motion. But if equitable considerations were necessary, they are furnished by the fact of the plaintiff's insolvency.

The order should be modified accordingly, without costs of this appeal.

DAVIS, P. J., concurred.

Present—DAVIS, P. J., and BARRETT, J.

Order modified as directed in opinion, without costs.